UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GEMINI REALTY, INC.,**

        **Plaintiff,**

-vs.-                                    Case No.:  6:06-cv-786-Orl-19DAB

**EMILIO GONZALEZ, et. al.,**

        **Defendants.**
_____

**ORDER**

This case comes before the Court on the Motion to Dismiss Complaint for Writ of Mandamus, filed by Defendants Emilio Gonzalez, Michael Chertoff, and Evelyn Upchurch[1] on September 7, 2006, (Doc. No. 6), and the Response to Defendants' Motion to Dismiss, filed by Plaintiff Gemini Realty, Inc. on September 18, 2006.  (Doc. No. 8).

**Background**

The following allegations are taken from Plaintiff's Complaint.  (Doc. No. 1, filed on June 8, 2006).  On February 17, 2006, Plaintiff, a Florida corporation, filed an "I-129" application with the USCIS (United States Citizenship and Immigration Services) seeking a specialty occupation work visa for a Colombian citizen, Sandra J. Politi.  (*See* Doc. No. 1, pp. 1-2).  Plaintiff requested and paid for Premium Processing Service, which is a request

---

[1]    Emilio Gonzalez is the director of the United States Citizenship and Immigration Services, or USCIS.  Michael Chertoff is the Secretary of the Department of Homeland Security.  Evelyn Upchurch is the Acting Director of the USCIS Texas Service Center.  (*See, e.g.,* Doc. No. 6-1, p. 1).

for the USCIS to complete adjudication of the application within 15 calendar days. (*See id.* at p. 1).

Despite the fact that Plaintiff requested premium processing, the USCIS did not adjudicate the application within the 15-day period. (*See id.*). Plaintiff alleges that it has made numerous calls to Defendants requesting adjudication of the application, and despite acknowledging that such petition is still pending, Defendants have repeatedly failed and refused to process it. (*See id.* at p. 2). Plaintiff asserts that there is no legal reason why Sandra J. Politi is disqualified for a specialty work visa, there is no legal basis for the USCIS to fail to proceed with the case, and there is no reason for an investigation into Politi to have taken this long. (*See id.* at ¶¶ 10-11). Plaintiff seeks a writ of mandamus compelling Defendant Gonzalez to adjudicate the I-129 petition and an award of attorneys' fees and court costs. (*See id.* at p. 3).

Defendants now seek dismissal of Plaintiff's Complaint. In their Motion to Dismiss, Defendants admit that Plaintiff's application is still pending, yet argue that Plaintiff has failed to state a claim upon which relief can be granted and that judicial review of Plaintiff's claim is unavailable under federal immigration law, the federal Mandamus Act, and the Administrative Procedure Act. (*See, e.g.,* Doc. No. 6 at pp. 2-3). Plaintiff responds[2] that it has adequately stated a claim for relief and that Defendants' subject matter jurisdiction arguments fail as a matter of law. (*See generally* Doc. No. 8).

---

[2]  Counsel for Plaintiff is admonished to follow the requirements of the Local Rules for the Middle District of Florida in filing future legal memoranda with the Court. All pleadings and other papers tendered by Counsel should be double-spaced in at least twelve point font. *See* Local Rule 1.05(a).

**Standard of Review**

**A.  Federal Rule of Civil Procedure 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a party can bring either a facial or a factual challenge to a court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  In a facial challenge, a court assumes all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.* at 1529.  In a factual challenge, a court must determine if it has power to hear the case. *Id*.  A court is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. *Id*.

**B.  Federal Rule of Civil Procedure 12(b)(6)**

For the purposes of a motion to dismiss for failure to state a claim, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Furthermore, the Court must limit its consideration to the complaint and written instruments attached to it as exhibits. *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**Analysis**

In the instant case, Defendants are facially attacking the claim by arguing the federal statutes are insufficient to confer subject matter jurisdiction under the allegations of the complaint.[3] Defendants admit that despite requesting Premium Processing, the Plaintiff's application is still pending and argue that judicial review of such actions is unavailable. (*See, e.g.,* Doc. No. 6-1, pp. 2, 3). Accordingly, the Court must assume that all of Plaintiff's allegations are true. *Lawrence,* 919 F.2d at 1529.

The United States Court of Appeals for the Eleventh Circuit has cautioned that it is difficult to dismiss a claim for lack of subject matter jurisdiction. *See Simanonok v. Simanonok*, 787 F.2d 1517, 1519 (11th Cir. 1986). "[T]he test is whether the cause of action

---

[3] Defendants' Motion to Dismiss could also be construed as arguing a factual challenge as well as a facial challenge to the Complaint. (*See* Doc. No. 6, p. 3) (implicitly articulating the standard for a factual challenge). There is currently a split of authority among federal courts as to whether, under cases of this nature, the decision not to immediately act on a nonimmigrant visa petition is an inherently discretionary decision as to which judicial review is barred under 8 U.S.C. Section 1252(a)(2)(B)(ii). *Compare, e.g., Nyaga v. Ashcroft*, 186 F.Supp.2d 1244 (N.D. Ga. 2002) (permissible for a court to order the I.N.S./USCIS to exercise its discretion) (reversed on mootness grounds); *Talwar v. I.N.S.*, 2001 WL 767018 (S.D. N.Y. July 9, 2001) (statute should be interpreted narrowly as generally applying only to removal actions); *with, e.g., Eastern Carpet House, Inc. v. Dep't of Homeland Security*, 430 F.Supp.2d 672 (S.D. Tex. 2006) (greater power of having absolute discretion to admit nonimmigrant includes the lesser power to, *inter alia*, have absolute discretion to deny a petition to extend); *see also Blacher v. Ridge*, 436 F.Supp.2d 602 (S.D. N.Y. 2006). The Eleventh Circuit has declined to address the similar issue of whether a plaintiff had a right for an immigration visa application to be processed by the I.N.S. *See Nyaga v. Ashcroft*, 323 F.3d 906, 911 (11th Cir. 2003) (reversing the lower court on mootness grounds alone). However, the Court need not address this issue, as numerous additional grounds, both jurisdictional and substantive, exist which require dismissal of the instant action.

alleged is so patently without merit as to justify ... the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 70 (1978). In order to justify dismissal for want of subject matter jurisdiction, the movant must show that the opposing party's assertion is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974); *see also Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)[4] (claim cannot be dismissed for lack of subject matter jurisdiction unless it "has no plausible foundation or is clearly foreclosed by a prior Supreme Court decision").

The Court finds that it lacks subject matter jurisdiction to hear Plaintiff's claim, as federal statutory law and prior federal court decisions hold that facts, such as those alleged in the Complaint, do not at this time involve a federal controversy. In addition, even if the Court were to find that subject matter jurisdiction exists in the case at bar, Plaintiff has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's Complaint asserts that the Court has jurisdiction to hear the instant matter under 28 U.S.C. Section 1331, the Administrative Procedures Act ("APA")[5], and the federal Mandamus Act.[6] Like the Declaratory Judgment Act, the APA does not provide the Court with an independent basis for subject matter jurisdiction. *See, e.g., Califano v. Sanders*, 430

---

[4]   In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit.

[5]   5 U.S.C. §§ 701, et seq.

[6]   28 U.S.C. § 1361.

U.S. 99, 106-07 (1977). If at all, subject matter jurisdiction is proper under the APA only in combination with the Court's federal question jurisdiction pursuant to 28 U.S.C. Section 1331. *See id.* at 105-06. In addition, mandamus jurisdiction is appropriate only where 1) the defendant owes a clear, nondiscretionary duty to the plaintiff and 2) the plaintiff has exhausted all other avenues of relief. *See Heckler v. Ringer*, 466 U.S. 602, 615 (1984); *Lifestar Ambulance Serv., Inc. v. U.S.*, 365 F.3d 1293, 1295 (11th Cir. 2004). Thus, in a case such as the case at bar, where Plaintiff seeks to use the Court's mandamus jurisdiction "to compel action, when refused, in matters involving judgment and discretion, but not to direct the exercise of judgment or discretion[7]," mandamus jurisdiction under Section 1361 is coextensive with the remedies available under the APA. In these circumstances, "courts apply the same principles and standards both to determine jurisdiction and to assess the merits of both claims. *Hernandez-Avalos v. I.N.S.*, 50 F.3d 842, 844 (10th Cir. 1995); *see also Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 228, 231 n.4 (1986) (treating a petition filed under the Mandamus Act by an attorney as if it were a claim for relief under the APA); *Singh v. Neufeld*, Case No. 6:05-cv-1344-Orl-19DAB, at *4 (M.D. Fla. Feb. 16, 2006) (same).

In resolving whether mandamus jurisdiction is present, the Court takes the allegations of the complaint as true, unless patently frivolous, to avoid tackling the merits under the ruse of asserting jurisdiction. *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980). "The test for mandamus jurisdiction is whether mandamus would be an appropriate means of relief." *Id*. To establish mandamus jurisdiction, Plaintiff must establish that 1) they have a clear

---

[7]   *Miguel v. McCarl*, 291 U.S. 442, 451 (1934).

right to relief; 2) Defendants have a clear, non-discretionary duty to act; and 3) there is no other adequate remedy available. *Id.* Taking the allegations of the Complaint as true, the Court concludes that Plaintiff has not established a clear right to relief or that Defendants have a clear, non-discretionary duty to act.

Plaintiff alleges that mandamus is necessary in the instant case because Defendants have repeatedly failed and refused to process its nonimmigrant work visa application. (*See id.* at p. 2). The admission of nonimmigrants into the United States is governed by 8 U.S.C. Section 1184, which states that "the admission to the United States of any alien as a nonimmigrant shall be for such time and under such circumstances as the Attorney General may by regulations prescribe." 8 U.S.C. § 1184(a)(1). After receiving an H-1B petition, the USCIS may "direct any necessary investigation" to verify the information contained in the petition, that the non-immigrant does not present a criminal or national security threat, and that the nonimmigrant actually qualifies for the visa. 8 C.F.R. § 103.2(b)(7). The USCIS is specifically authorized to withhold adjudication of the petition if it believes that further investigation is necessary, and a request for Premium Processing does not guarantee that the visa will be issued, preclude an investigation, or mandate that USCIS must act within the 15-day deadline. *See* 8 C.F.R. §§ 103.2(b), (f).

If the USCIS exercises its permissible discretion to withhold adjudication of a visa petition or undertake an investigation relating to the non-immigrant's eligibility, federal regulations explicitly provide that USCIS has one year to process the petition. *See* 8 C.F.R. § 103.2(b)(18). If the application is not processed within the first year, the Government is given addition time, in six-month increments, if certain factors are met. *See id.* At all times,

the decision to withhold adjudication remains in the discretion of the agency. *See, e.g., Zahani v. Neufeld*, Case No. 6:05-cv-1857-Orl-18J, 2006 WL 2246211, *3 (M.D. Fla. June 26, 2006); *Blacher v. Ridge*, 436 F.Supp.2d 602 (S.D. N.Y. 2006).

Plaintiff's Complaint asserts that the application was filed with USCIS on February 17, 2006, and was subsequently transferred to the Special Investigation Unit of the Texas Service Center for investigation. (*See* Doc. No. 1, pp. 1, 3). Thus, taking the facts of the Complaint as true, Plaintiff has no clear right to relief and Defendants have no clear, non-discretionary duty to act, as the investigation of Sandra J. Politi is still well within the discretionary, one-year time period prescribed pursuant to federal regulations and 8 U.S.C. Section 1184.

For similar reasons, Plaintiff's Complaint has failed to state a claim for which relief can be granted under the APA and the Mandamus Act. Taking the allegations of the Complaint as true, and accepting all reasonable inferences therefrom, Defendants have not yet violated any federal act, federal regulation, or administrative procedure. *See, e.g.,* 5 U.S.C. § 706 (APA extends to "agency action *unlawfully withheld* or *unreasonably delayed*) (italics added); *Zahani*, 2006 WL at *2-*3. Thus, the Court will grant Defendants Motion to Dismiss. (Doc. No. 6).

## Conclusion

For the foregoing reasons, the Motion to Dismiss Complaint for Writ of Mandamus, filed by Defendants Emilio Gonzalez, Michael Chertoff, and Evelyn Upchurch on September 7, 2006, (Doc. No. 6), is **GRANTED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 11th day of October, 2006.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record